**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| EL T MEXICAN RESTAURANTS, INC., a Texas corporation,<br><br>                Plaintiff,<br><br>   v.<br><br>ANATEX CORP., a Texas corporation,<br><br>                Defendant. | CIVIL ACTION NO. _____<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT, UNJUST ENRICHMENT, AND UNFAIR COMPETITION<br><br><br>DEMAND FOR JURY TRIAL |

1.      EL T MEXICAN RESTAURANTS, INC. ("El Toro") seeks damages and injunctive relief to halt the willful misappropriation of and injury to its EL TORO trademark by defendant ANATEX CORPORATION ("Anatex").

## THE PARTIES

2.      El Toro is a Texas corporation, organized and doing business under the laws of the State of Texas.  El Toro's principal office and place of business is located at 7529 Bayway Drive, Baytown, Texas 77520, within the Southern District of Texas.

3.      El Toro is informed and believes, and thereupon alleges, that Anatex is a Texas corporation, organized and doing business in the State of Texas, with its principal place of business at 7222 Spencer Highway, Pasadena, Texas, within the Southern District of Texas.  El Toro is further informed and believes, and thereupon alleges, that Defendant owns and operates a restaurant under the name "El Toro Loco."

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to:  (i) 28 U.S.C. §1331 as an action for violation of the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*; (ii) 28 § U.S.C. 1367(a),

pursuant to the principles of supplemental jurisdiction; and (iii) 28 U.S.C. § 1338(b) as an action asserting a claim for unfair competition joined with a substantial and related claim under the trademark laws.

5.      Venue of this action is proper in the district pursuant to 28 U.S.C. § 1391(b)(1), in that the defendant resides within this judicial district and 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred within this judicial district, and a substantial part of property that is the subject of the action is situated within this judicial district.

## FACTUAL BACKGROUND

6.      Plaintiff has operated restaurants under the EL TORO name and mark for more than 55 years.  The first EL TORO location opened on Bayway Drive, in Baytown, Texas in 1960, featuring Tex-Mex themed dishes and décor, specialty margaritas, and a full-service bar, all in a full-service restaurant setting.  The original EL TORO, has become a beloved, local institution, to which its loyal customers travel from all over the Houston metropolitan area.  Today, plaintiff operates six EL TORO locations in Baytown, Clute, La Porte, and Palestine, Texas.

7.      El Toro has devoted substantial time, effort, and money advertising and promoting the EL TORO name and mark to consumers in and around Houston.  As the result of these efforts, EL TORO's emphasis on service and quality, and the popularity of its menu (featuring numerous signature drinks and dishes, the EL TORO name and mark has become both well-known and highly regarded throughout the Houston metropolitan area and beyond).  EL TORO has developed a large, loyal following, and the EL TORO trademark has become a highly distinctive mark and an integral part of EL TORO's success.  The EL TORO name and mark are understood by consumers to identify plaintiff as the source of goods and services offered thereunder.

**Anatex's Misappropriation and Misuse of the EL TORO Mark**

8.     On information and belief, in late 2015 Anatex opened its El Toro Loco restaurant at 7222 Spencer Highway, Pasadena, Texas—a mere six miles from El Toro's La Porte location.  Like EL TORO, Anatex's El Toro Loco restaurant offers food and beverages in a full table-service setting, including alcoholic beverages (including margaritas and similar Mexican-themed drinks) from a full-service bar.  Defendant's menu features many of the same Tex-Mex themed dishes plaintiff has offered under the EL TORO mark for over half a century.  On information and belief, defendant plans to compound the damage caused by its confusingly similar name and mark by opening a second location at 14915 North Freeway, Houston, Texas, 77090.

9.     El Toro is informed and believes, and thereupon alleges, that defendant's inclusion of "El Toro" in the name of its restaurant was no accident; defendant knew of the EL TORO name and mark, knew that it was well-known and highly-regarded in the Houston metropolitan area, and included "El Toro" in the name of defendant's restaurant as part of a scheme to misappropriate the goodwill plaintiff has developed in its EL TORO mark over more than 55 years of use.  El Toro is further informed and believes and thereupon alleges that defendant's scheme is at risk of succeeding: consumers are likely to be, or have been, misled and confused about the relationship between defendant's restaurant and the genuine EL TORO restaurants, thus creating a risk that consumers seeking out EL TORO locations will, due to the confusion created by defendant's actions, be diverted to defendant's restaurant.

10.    Before instituting this action, El Toro attempted to resolve the matter amicably, and without resorting to litigation.  Despite plaintiffs' extensive efforts, defendant has refused to discontinue its use of the EL TORO mark, leaving plaintiff with no choice but to institute this action.

11.    As the result of defendant's ongoing and illegal actions, the reputation and value of the EL TORO mark are at risk of injury, in that consumers are likely to be confused as to the

source or quality of the parties' goods and services, or to identify and distinguish the goods and services offered under the genuine EL TORO name and mark.  Plaintiff is informed and believes and thereupon alleges that, absent the intervention of this Court, defendant's illegal actions will continue, and EL TORO customers will continue to be harmed.

## COUNT I

### (For violation of Section 43(a) of the Lanham Act,

### 15 U.S.C. § 1125(a))

12.    Plaintiff realleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint, inclusive as if fully set forth herein.

13.    EL TORO is a valid and subsisting common law trademark that designates, in the minds of consumers, the source and quality of goods and services offered by plaintiff via its EL TORO restaurants.

14.    Plaintiff's rights in the EL TORO mark are superior to any trademark rights defendant may claim in and to the name "El Toro Loco," or any variation thereof that contains "El Toro."

15.    As a result of the foregoing, defendant has caused a likelihood of confusion, or mistake, or deception as to the affiliation, connection, or association of defendant and plaintiff, or as to the origin, sponsorship, or approval of plaintiff's goods, services, or commercial activities by defendant, or by defendant's goods, services, or commercial activities by plaintiff.  Further, plaintiff is informed and believes and thereupon alleges that defendant has, in commercial advertising or promotion, misrepresented the nature, characteristics, qualities, or geographic origin of defendant's or plaintiff's goods, services, or commercial activities.

16.    Plaintiff is informed and believes, and on that basis alleges, that defendant's acts are willful and deliberate and are intended to confuse consumers and misappropriate the goodwill plaintiff has developed in the EL TORO trademark.

4

17.     Plaintiff has no adequate remedy at law for the foregoing wrongful conduct of defendant, in that: (i) defendant's actions injure and threaten to continue to injure plaintiff's unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the injury to plaintiff from defendant's wrongful actions is not precisely and fully ascertainable; (iii) the wrongful acts of defendant injure and threaten to continue to injure plaintiff's reputation and goodwill; and (iv) the injury resulting to plaintiff from defendant's wrongful conduct, and the conduct itself, are continuing, and plaintiff would be required to bring a multiplicity of suits to achieve full compensation for the injuries caused thereby.

18.     Unless restrained, the foregoing wrongful acts of defendant will continue to cause irreparable injury to plaintiff, both during the pendency of this action and thereafter. Plaintiff is therefore entitled to an order from this Court preliminarily and permanently enjoining defendant and its agents, employees and others acting in concert with them, from directly or indirectly: (i) selling, offering for sale, advertising, or promoting, any product or service under any name or mark that is likely to relate or connect such product or service in any way to plaintiff or to any goods or services offered, provided, sold, manufactured, sponsored or approved by, or connected with plaintiff; (ii) using the EL TORO mark, or any name or mark that includes the words "El Toro," or any variant thereof; and/or (iii) making any false description or representation of origin concerning any goods or services offered for sale by defendant or plaintiff.

19.     Plaintiff is further entitled to recover: (i) damages sustained in consequence of defendant's wrongful conduct, in an amount to be determined; (ii) all of defendant's profits attributable to defendant's illegal actions; and (iii) plaintiff's attorneys' fees and other costs herein. Based upon the circumstances of the case, including the willful nature of defendant's conduct, plaintiff is further entitled to recover treble the amount found as actual damages pursuant to 15 U.S.C. § 1117.

## COUNT II

### (Common-Law Trademark Infringement and Unfair Competition)

20.    Plaintiff realleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint, inclusive as if fully set forth herein.

21.    The above described acts, including defendant's use of a very close variation on the EL TORO mark, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendant's goods and services with plaintiff, or as to the sponsorship of defendant's goods, services or commercial activities by plaintiff. Defendant's actions further misrepresent the nature, characteristics or qualities of defendant's goods, services, or commercial activities.

22.    By reason of the foregoing, defendant has engaged in, and continues to engage in, acts of trademark infringement and unfair competition in violation of the common law of the State of Texas.

23.    As a direct and proximate result of defendant's actions, plaintiff has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

24.    Further, as a result of defendant's conduct described above, plaintiff has sustained and will sustain irreparable injury for which there is no adequate remedy at law.

25.    Plaintiff is entitled to an order of this Court preliminarily and permanently enjoining defendant, its agents, employees and all others acting in concert with them from directly or indirectly committing such unfair, unlawful and/or fraudulent business practices. Plaintiff is further entitled to recover damages sustained in consequence of defendant's wrongful conduct, and restitution of any monies which may have been acquired by defendant by means of such unfair, unlawful and/or fraudulent business practices, in an amount to be determined.

### PRAYER AND JURY DEMAND

Pursuant to Fed. R. Civ. Proc. 38(b), plaintiff El Toro hereby demands trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

WHEREFORE, Plaintiff prays for judgment against defendant as follows:

1.      A preliminary and permanent injunction prohibiting and enjoining defendant, its officers, directors, agents, employees, subsidiaries, affiliates, assigns, licensees, and anyone acting in concert with them:

   a.   From manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product or service which tends to relate or connect such product or service in any way to plaintiff or to any goods or services offered, provided, sold, manufactured, sponsored or approved by, or connected with plaintiff;

   b.   From using the EL TORO mark, any name or mark containing the words "El Toro," or any variant thereof, or any other mark that is confusingly similar to the EL TORO mark; and

   c.   From making any false description or representation of origin concerning any goods or services offered for sale by plaintiff.

2.      An order requiring defendant to deliver to plaintiff all brochures, manuals, menus, signage, and promotional materials of any kind bearing the name or mark "El Toro," or any other mark that is confusingly similar to the EL TORO mark pursuant to 15 U.S.C. § 1118;

3.      An award of all actual damages in an amount sufficient to compensate plaintiff for losses it has sustained as a consequence of defendant's unlawful and wrongful acts as set forth above;

4.      An order requiring defendant to account for and pay over to plaintiff all gains, profits and advantages derived from defendant's wrongful use of plaintiff's trademark;

5.      An award of treble damages pursuant to 15 U.S.C. § 1117;

6.      An award of costs, disbursement and attorneys' fees pursuant to 15 U.S.C. § 1117; and

7.      For such other, further or different relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ John C. Rawls*
John C. Rawls
Texas Bar No. 24060930
SDTX Bar No. 413953
Baker Williams Matthiesen LLP
1177 West Loop South, Suite 1600
Houston, Texas 77027- 9049
T: 713-888-3535
F: 713-888-3550
rocky@bwmtx.com

ATTORNEY FOR PLAINTIFF